UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASMINE ALEXANDER,

    Plaintiff,

v.                              CASE NO.:

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JASMINE ALEXANDER, by and through the undersigned counsel, and sues Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like EDUCATIONAL CREDIT MANAGEMENT CORPORATION from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Henry County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Henry County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, is a corporation with its principal place of business located at 111 S Washington Ave #1400, Minneapolis, MN 55401 and which conducts business through its Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

11. On or about October 2016, Plaintiff revoked her consent to be called by EDUCATIONAL CREDIT MANAGEMENT CORPORATION by requesting that the calls stop. Specifically stating "You call me all the time, at all hours during the day for over a year. Stop calling my phone. I will pay when I can." Each call EDUCATIONAL CREDIT MANAGEMENT CORPORATION made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

12. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after October 2016. Between January 2016 to December 2016, Plaintiff made a

non-exclusive log of four hundred six (406) calls she received from the Defendant. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from defendant, however attached hereto as Exhibit A is a small sampling.

13. Plaintiff estimates approximately two hundred fifty (250) calls to her cell phone post-revocation.

14. The autodialer calls from Defendant came from telephone numbers including but not limited to (866) 945-6159, (916) 860-0238, (916) 295-6097, (916) 235-4527, (612) 800-6839, (651) 243-9088, (866) 945-6305, (855) 308-0246, (651) 221-0037, (866) 945-6584, (916) 295-6098, (612) 800-6669 and (916) 235-4526, and when those numbers are called a pre-recorded voice or agent answers and identifies the numbers as belonging to EDUCATIONAL CREDIT MANAGEMENT CORPORATION.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to three (3) times a day from approximately October 2016 through the filling of this complaint, with such frequency as can reasonably

be expected to harass, all in an effort related to collection of the subject account.

16. Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls received and because she heard a pause when she answered the phone before a voice came on the line and/or she received prerecorded messages from Defendant.

17. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (678) ***-9652, and was the called party and recipient of Defendant's calls.

18. Beginning on or about July 2015, Defendant began bombarding Plaintiff's cellular telephone (678) ***-9652 in an attempt to collect on a student loan.

19. EDUCATIONAL CREDIT MANAGEMENT CORPORATION called Plaintiff approximately two hundred fifty (250) times since revocation in October 2016, in an attempt to collect a debt.

20. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or EDUCATIONAL CREDIT MANAGEMENT CORPORATION, to remove the number.

22. EDUCATIONAL CREDIT MANAGEMENT CORPORATION's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to EDUCATIONAL CREDIT MANAGEMENT CORPORATION they do not wish to be called.

23. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26. EDUCATIONAL CREDIT MANAGEMENT CORPORATION's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from EDUCATIONAL CREDIT MANAGEMENT CORPORATION call list.

27. EDUCATIONAL CREDIT MANAGEMENT CORPORATION has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28. Not one of EDUCATIONAL CREDIT MANAGEMENT CORPORATION's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29. EDUCATIONAL CREDIT MANAGEMENT CORPORATION willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30. From each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31. From each and every call without express consent placed by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from EDUCATIONAL CREDIT MANAGEMENT CORPORATION call.

32. From each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to

Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to

Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35. Each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36. Each and every call placed without express consent by EDUCATIONAL CREDIT MANAGEMENT CORPORATION to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related

to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty seven (37) as if fully set forth herein.

39. EDUCATIONAL CREDIT MANAGEMENT CORPORATION willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified EDUCATIONAL CREDIT MANAGEMENT CORPORATION that Plaintiff wished for the calls to stop

40. EDUCATIONAL CREDIT MANAGEMENT CORPORATION repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EDUCATIONAL CREDIT MANAGEMENT CORPORATION for statutory damages, punitive

damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted

*/s/Octavio Gomez, Esquire*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff